Stephen P. Arnot, OSB #070765
E-Mail: steve.arnot@bullivant.com
Bullivant Houser Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915

Attorneys for Creditor, Intervest Mortgage
Investment Company

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re: | Chapter 11 |
| Peter M. Bucklin, | No.: 10-64467-fra11 |
| Debtor. | **INTERVEST MORTGAGE INVESTMENT COMPANY'S OPPOSITION TO DEBTOR'S MOTION FOR INTERIM USE OF CASH COLLATERAL** |
| | **DATE: AUGUST 9, 2010**<br>**TIME: 2 PM.**<br>**PLACE: COURTROOM 6** |
| | **HONORABLE FRANK R. ALLEY** |

Intervest Mortgage Investment Company ("Intervest"), a secured creditor of the

debtor as it relates to the real property commonly referred to as the Los Banos Center,

objects to the Debtor's Motion for Interim Use of Cash Collateral as follows:

//

# I.

## INTRODUCTION

The Debtor's Motion for Preliminary Use of Cash Collateral should be denied for the following reasons:

        a.    The debtor does not provide adequate protection to Intervest for the debtor's use of Intervest's cash collateral;

        b.    The proposed budget lacks detail and provides for payment of expenses not necessary for the maintenance of Intervest's collateral, including but not limited to, exorbitant set-asides for professional fees and costs that are not necessary and reasonable; and

        c.    The bankruptcy estate owns a 27.5% beneficial interest in the Los Banos Center. The remaining tenants in common ("co-owners") are not in bankruptcy and Intervest has the right to continue to collect 72.5% of the rents notwithstanding the Debtor's bankruptcy filing.

# II.

## STATEMENT OF FACTS

On October 15, 2008, Intervest made an $8,725,000 construction loan to Peter M. Bucklin and Joan B. Bucklin as trustees to the Peter M. and Joan B. Bucklin Revocable Trust, Robert V. Rowland, and Christopher M. Bucklin, as tenants in common. The loan was secured by a first deed of trust against parcel number 431-141-019, commonly referred to as the Los Banos Center in Los Banos, California. The deed of trust contains an absolute assignment of rents clause and security agreement covering personal property. The Debtor concedes that Intervest's deed of trust is properly perfected as the first lien against the real property and is perfected in the rents and the other personal property. Title to the Los Banos Center is held as tenants in common. The debtor's revocable trust owns 55% of which the debtor's beneficial interest represents 27.5%. The debtor's spouse owns the other 27.5%,

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

Robert Rowland owns 35% and the debtor's son, Christopher Bucklin has a 10% interest in the Los Banos Center.

The purpose of the loan was to construct a retail shopping center known as the Los Banos Plaza.  The project originally included the construction of three buildings.  One of the buildings has been completed and occupied, one building has been constructed as a shell, and one building has not been constructed.  The project has encountered difficulties in leasing and currently Tractor Supply Company is the only occupant of the Los Banos Center.  The rent from the tenant is insufficient to pay the expenses of the property and the debt service on the loan.

Prior to the debtor's filing, the co-owners collected rents in excess of $225,000 in lease payments from the sole tenant, Tractor Supply Company, without making any payments to Intervest and without paying the real property taxes due the county.   As a result of the multiple defaults, in March 2010, Intervest elected to initiate a non-judicial foreclosure and election to sell under the deed of trust.  The trustee's sale was set for August 5, 2010.  While the foreclosure was pending, Intervest exercised its rights under the deed of trust to collect the rents from Tractor Supply Company.   The first rent payment was paid to Intervest on May 20, 2010 for the May rental payment, in the amount of $38,833.

On July 26, 2010, Peter M. Bucklin, individually, filed a Chapter 11 Bankruptcy Proceeding.  The co-owners of the real property, the Peter M. and Joan B. Bucklin Revocable Trust, Joan B. Bucklin, Robert Rowland, and Chris Bucklin, have not filed voluntary petitions under the Bankruptcy Code.  The debtor's filing only brings his property into the estate, which results in a maximum tenant in common interest of 27.5% becoming property of the estate.[1]

---

[1] This assumes that under California law, the terms of this particular trust would result in property being included in the bankruptcy estate.  *See e.g. Zanelli v. McGrath*, 166 Cal.App.4th 615, 82 Cal.Rptr.3d 835 (Cal.App. 1 Dist.,2008)(property in revocable trust deemed to be property of trust settlor and subject to creditor's claims).

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

### III.

### THE CASH COLLATERAL MOTION MUST BE DENIED BECAUSE INTERVEST IS NOT ADEQUATELY PROTECTED

The debtor is not entitled to use Intervest's cash collateral because he cannot establish that Intervest is adequately protected nor can the debtor provide adequate protection for the use of Intervest's cash collateral. *11 USC §363(e).*   Where the debtor intends to use cash collateral, the creditor is entitled to adequate protection of its interest. *In re Center Wholesale, Inc.,* 788 F2d 541, 544 (9th Cir 1986). The debtor bears the burden of proof on the issue of adequate protection. *11 USC§363(p)(1).*

The debtor's submissions in support of the Motion for Interim Use of Cash Collateral do not establish that Intervest is adequately protected.   The debtor concedes that there is no equity in the Los Banos property.  The debtor states Intervest is owed approximately 8.3 million dollars with the market value of the Los Banos Center at 5.5 million dollars.   The debtor proposes to offer an additional lien on other non-exempt property, without identifying what property that might be, its value, or its liquidity.  Intervest cannot comment on the adequacy of the additional collateral because the debtor has not filed his schedules at the time of this response.  Clearly, the debtor has not met his burden of providing adequate protection with respect to either the value of the Los Banos property or the value of the additional proposed collateral.

The debtor's remaining proposal for adequate protection is to offer a replacement lien in rents.  The replacement lien in future rents, however, is an interest that Intervest already has under the applicable provisions of the Bankruptcy Code and its existing security documents.  Intervest's Deed of Trust includes an absolute assignment of rents provision.  Prior to the filing of the bankruptcy, as a result of the borrowers' defaults, Intervest exercised its rights and actually began collecting the rents.  There is no question, therefore, that its interest was perfected and enforceable against the Debtor under 11 U.S.C. §§ 363(a) &

PAGE 4–    INTERVEST MORTGAGE INVESTMENT COMPANY'S OPPOSITION TO
DEBTOR'S MOTION FOR INTERIM USE OF CASH COLLATERAL

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

552(b).  Section 363(a) expressly provides that post-petition rents are cash collateral.

Section 552(b)(2) expressly states that the post-petition rents are part of Intervest's collateral

notwithstanding the fact that they are for post-petition occupancy.  Thus, the Debtor's

proposal is nothing more than acknowledging the interest that Intervest already has and each

and every dollar that is collected post-petition and used during the pendency of the case must

be adequately protected.[2]

In addition to the obvious fallacy of providing adequate protection through granting a

"replacement lien" in something that Intervest already has a lien on, the debtor's argument

also suffers from other significant problems.  First, even if the "replacement lien" was

something of value, the only interest the debtor could possibly have is not on the full amount

of the rents collected, but only approximately 25%, of the rents the estate owns as a tenant in

common.[3]  Yet, the debtor proposes to collect and use not only the estate's interest in the

rents, but also the other non-debtors' interests in the rents, rents that are subject to Intervest's

lien rights under California law.  Second, given the obvious lack of equity and the Debtor's

limited interest in the property, the Court should consider whether there is any reasonable

chance of reorganization, for if there be none, there is no point in allowing the debtor to use

Intervest's cash collateral.  *In re C.F.Simoni's Son's Inc.*, 28 BR 707, 711(E.D.N.C. 1983).

While almost all chapter 11 cases involve an element of risk, high degree of uncertainty is a

factor to be considered in evaluating the secured creditor's adequate protection.  The debtor

is underwater in all of the real properties, including the Los Banos Center.   Presumably, the

debtor's intended plan of reorganization is to restructure the lenders' obligations to the

current market value of the properties.   Assuming the debtor could even get the votes to

---

[2] *See generally, In re County of Orange,* 191 B.R. 1005 (Bkrtcy.C.D.Cal.,1996)(discussing amendments to Bankruptcy Code related to rents and noting that § 552(b)(2) was intended to insure that creditors with prepetition interests in rents would be deemed automatically perfected in post-petition rents).

[3] This issue is discussed in more detail below.

PAGE 5–    INTERVEST MORTGAGE INVESTMENT COMPANY'S OPPOSITION TO
DEBTOR'S MOTION FOR INTERIM USE OF CASH COLLATERAL

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

1  confirm such a plan, the rental income for the Los Banos Center is not adequate to service

2  the debt even at the debtor's proposed value of $5.5 million.   There does not appear to be a

3  reasonable chance of reorganization and allowing the use of Intervest's cash collateral under

4  the circumstances would be improper.

**IV.**

5

6  **SINCE INTERVEST IS NOT ADEQUATELY
PROTECTED BY A REPLACEMENT LIEN, IT IS
IMPROPER TO ALLOW USE OF INTERVEST'S
COLLATERAL**

7

8      The Debtor cites *In Re ProAlert, LLC.,* 314 BR 436 (9th Cir BAP 2004), in support of

9  its position that the court may allow payment of professional fees and expenses out of

10  Intervest's cash collateral.  However, this is the situation only when the creditor is adequately

11  protected.   If the creditor's interest is not adequately protected, then the debtor is, in essence,

12  requesting a surcharge of the creditor's collateral under §506(c).  The debtor fails to meet his

13  burden to establish that the segregation of Intervest's cash collateral for use of professional

14  fees and expenses is necessary and reasonable.  Courts limit the use of cash collateral to pay

15  professional fees and expenses without the debtor showing that the proposed fees are

16  necessary and reasonable and that the proposed use of the funds benefits the secured creditor.

17  *In re Cascade Hydraulics and Utilities Service Inc.* 815 Fed 2nd 546,548 (9th Circuit 1987).

18  The debtor has the burden and it is implausible that monthly professional fees and salaries in

19  the approximate amount of $39,000 is reasonable and necessary and benefits Intervest's

20  collateral.

21  //

22  //

23  //

24  //

25  //

26

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**V.**

**THE DEBTOR'S PROPOSED BUDGET IS EXORBITANT
AND SHOULD BE LIMITED TO THE EXPENSES TO
PREVENT IRREPARABLE HARM UNTIL FINAL
HEARING ON THIS MATTER**

The monthly gross rent from the Los Banos Center is $39,488.  From the rent, the debtor proposes to pay expenses for property taxes, insurance, landscaping, parking, lights, fire alarms, water and sewer, in the monthly amount of $7,140.  Although these expenses may be appropriate, Intervest has no idea as to whether these are the actual necessary expenses to preserve its interest in the collateral.

More problematic is the administrative expenses that the debtor proposes to pay from Intervest's cash collateral.  Exhibit A, page 1 provides for an additional carve-out of $39,000 from the rents to cover the debtor's salary and benefits, office expenses, attorney and accountant fees.  There is no allocation of those fees and expenses between the various properties and presumably, 100% of Intervest's remaining collateral ($39,488-$7,140) will be used to fund the overhead and fees.  There is no representation or statement in the motion or the budget breaking down what services need to be rendered on a monthly basis that would necessitate incurring professional fees and salaries in the amount of $39,000 per month.  The motion and the budget are wholly deficient in this regard.  The debtor did file a statement of income asserting wages of $11,700.  Intervest can only assume that the salary in the proposed budget is for the debtor.   It is unreasonable to allow the debtor to receive a salary of $11,700 per month from Intervest's collateral for collecting rent from one tenant.

**VI.**

**THE BANKRUPTCY ESTATE CONSISTS OF A 27.5%
BENEFICIAL INTEREST IN THE LOS BANOS CENTER**

Title to the Los Banos Center is held as tenants in common between the debtor (27.5% interest), his non-debtor spouse, Joan B. Bucklin (27.5% interest), Robert Rowland

**Bullivant|Houser|Bailey PC**
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

1  (35% interest), and Chris Bucklin (10%).  It is questionable whether the filing of the debtor's

2  bankruptcy as an individual, allows the debtor to even collect the rents from property

3  partially owned by a Revocable Living Trust and other co-owners.  Assuming that the debtor

4  does have such rights, under California law, the debtor's interest as a tenant in common with

5  the co-owners, represents no more than a 27.5% interest in the rents.  *See generally Heber v.*

6  *Yaeger*, 251 Cal.App.2d 258, 265, 59 Cal.Rptr. 353, 357 (1967)(tenants in common own

7  rents collected from third party tenants in proportion to interest in property); *Dabney-*

8  *Johnston Oil Corp. v. Walden,* 4 C2d 637, 52 P2d 237 (1935)(same).  The remaining rents do

9  not constitute property of the bankruptcy estate.   *See In re Fazzio*, 180 BR 263, 269 (Bankr.

10  ED Ca 1995)(discussing California tenant in common law)

11       Prior to the filing, Intervest was collecting the rents from the sole tenant, as allowed

12  by California Civil Code §2938.  At a minimum, Intervest has the right to continue to collect

13  72.5% of the rents and requests that the court make such a finding that said rents do not

14  constitute estate property.

15                                  **VII.**

16                             **CONCLUSION**

17       Based upon the foregoing, Intervest requests that the Court deny the debtor's Motion

18  for Use of Cash Collateral and for such other relief as the Court deems proper.

19       DATED:  August 5, 2010

20                           BULLIVANT HOUSER BAILEY PC

21

22       By  */s/ Stephen P. Arnot*
                Stephen P. Arnot, OSB #070765
23               E-Mail: steve.arnot@bullivant.com

24  12719064.1

25

26

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of August, 2010, I caused to be served the

foregoing INTERVEST **MORTGAGE INVESTMENT COMPANY'S OPPOSITION**

**TO DEBTOR'S MOTION FOR INTERIM USE OF CASH COLLATERAL** on the

following parties at the following addresses:

Thomas W. Stilley
1000 SW Broadway #1400
Portland, OR 97205
**Debtor's Attorney**

US Trustee, Eugene
405 E 8th Ave #1100
Eugene, OR 97401-2706
**US Trustee**

by:

☒  U.S. Postal Service, ordinary first class mail
☐  U.S. Postal Service, certified or registered mail,
     return receipt requested
☐  hand delivery
☐  other (specify) _____

_/s/ Stephen P. Arnot_____
Stephen P. Arnot, OSB#070765

PAGE 0–    INTERVEST MORTGAGE INVESTMENT COMPANY'S OPPOSITION TO
DEBTOR'S MOTION FOR INTERIM USE OF CASH COLLATERAL

**Bullivant|Houser|Bailey PC**
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6251