Erik J. Glatte, OSB No. 951720
Telephone:  (541) 779-5175
E-mail:  eglatte@kkrbg.com

John Blackhurst, OSB No. 790180
Telephone:  (541) 779-5175
E-mail: jblackhurst@kkrbg.com

KELLINGTON, KRACK, RICHMOND,
BLACKHURST & GLATTE, LLP
23 Newtown Street
PO Box 1583
Medford, OR  97501
Facsimile:  (541) 779-5585

Attorneys for Creditor PremierWest Bank

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| Peter M. Bucklin, an individual, dba PMB Development Co., and dba the Peter M. And Joan B. Bucklin Revocable Trust,<br><br>            Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 10-64467-fra11<br><br>PREMIERWEST BANK'S OPPOSITION TO DEBTOR'S MOTION FOR INTERIM USE OF CASH COLLATERAL AND DEMAND FOR ADEQUATE PROTECTION |

PremierWest Bank (hereinafter "Premier") by and through the undersigned

attorneys, hereby objects to the Debtor's Motion for Interim Use of Cash Collateral

(the "Motion") and Demands Adequate Protection. This objection is based on the

Declarations of Thea Lance (the "Lance Declaration"), and the files and records

herein.

KELLINGTON, KRACK, RICHMOND, BLACKHURST & GLATTE, LLP
Attorneys at Law
23 NEWTOWN STREET, MEDFORD, OREGON, 97501
Telephone: (541) 779-5175 • Fax: (541) 779-5585

1    1)    Premier is a secured creditor of the Debtor. It does not consent to the

2  use of any of its cash collateral by the Debtor and demands adequate protection.

3  The Debtor's Motion must be denied for the following reasons:

4    a)    The Debtor does not provide adequate protection to Premier for the use

5  of cash collateral;

6    b)    Pursuant to § 552(b) Premier has a duly perfected security interest

7  provided by Debtor in the form of an assignment of rents on the Eagle Point Mall

8  Property and the Vacaville Mall Property[1]. Additionally, in an Oregon Judicial Action,

9  a Receiver was duly appointed to collect rents and oversee the management and

10  operation of the Oregon properties, and

11

12    c)    The bankruptcy estate only owns partial interest in properties and it

13  seeks to collect all rents for the benefit of the Debtor only.

14    As such, Premier is entitled to collect rents (or continue to have the Receiver

15  collect rents) and the Debtor should not be allowed to utilize the cash collateral.

16

17                              **Statement of Facts**

18    The nature of Premier's and the Debtor's relationship is set forth in great detail

19  in the Complaints that were filed in Jackson County, Oregon on October 8, 2009,

20  Case No. 09-4683-E2 and, in Solano County, California, on December 11, 2009,

21  Case No. FCS034851 (hereinafter referred to as the "Oregon Complaint" and

22  "California Complaint"). True and correct copies of the Complaints (without exhibits)

23  are attached as Exhibits 1 and 2, respectively, to the Lance Declaration.

24

25

26  _____

[1] Debtor refers to the Vacaville Mall Property as Berryessa. For the purposes of this Motion the Vacaville Mall
Property and Berryessa are one and the same.

Page 2 – OPPOSITION TO MOTION FOR INTERIM USE OF CASH COLLATERAL

On or about June 10, 2010, a hearing was held on appointment of Receiver for all properties in default in Oregon. Premier had previously been provided an assignment of rents from Debtor on the Eagle Point Mall Property. <u>Lance Declaration</u>, Exhibit 3. On June 23, 2010, a Receiver was ordered pursuant to the Jackson County Court. <u>Lance Declaration</u>, Exhibit 6. The Receiver was ordered to collect rents on the following Properties:

1)    Eagle Point Mall located at 10522, 10534, 10546, 10558 and 10586 Highway 62, Eagle Point, Oregon; 22266 Hwy.,

2)    22266 Hwy. 62, Shady Cove, Oregon;

3)    33 Broken Stone Way, Eagle Point, Oregon, and

4)    151 Morning Dove Trail, Eagle Point, Oregon,

Since the Appointment of Receiver, the Receiver has collected July rents. Pursuant to an interim Agreement with Debtor, those rents and August rents are still being held by the Receiver pending the decision of this Court on Debtor's Motion for Cash Collateral.

Attached to the Lance Declaration as Exhibit 4 is a duly recorded and perfected Assignment of Rents for the Vacaville Mall property that was signed by Debtor and co-borrowers Michael and Katie Hartmann.

## DISCUSSION

### A. Premier is not Adequately Protected.

Premier is not adequately protected and the Debtor cannot otherwise use the cash collateral (the "rents") without providing adequate protection. The Debtor has the burden of proof on the issue of adequate protection and absent court order to the

KELLINGTON, KRACK, RICHMOND, BLACKHURST & GLATTE, LLP
Attorneys at Law
23 NEWTOWN STREET, MEDFORD, OREGON, 97501
Telephone: (541) 779-5175 • Fax: (541) 779-5585

contrary, Debtor must obtain consent of Premier before such cash collateral can be utilized by the Debtor.   § 363(c)(2) and (p)(1).   Premier does not give consent.

The Debtor has proposed that Premier is adequately protected by future liens for future rents.  However, Debtor has not filed any bankruptcy schedules that demonstrate adequate protection at the time of filing this objection.  Since the Debtor has the burden of proof, a blanket statement that creditors will be adequately protected by a replacement lien in future rents is simply made without adequate justification.

In addition, each month that goes by, Premier suffers diminution of value to their property interests.  Attached to the Lance Declaration as Exhibit 5 is a list of damages that will be incurred by Premier for each month no payments are made as well as a list of unpaid taxes on the properties all demonstrating diminution of value of the collateral.

Further, the proposed budget provided by Debtor to sequester rents to pay his attorney fees and pay his salary for management of the properties is exorbitant and completely without justification.  Debtor has proposed a budget of $25,000 per month to pay administrative costs plus $15,000 for salaries, presumably to be paid to Debtor.

Debtor cites to several cases outside the 9th Circuit that have allowed a debtor to use cash collateral for rents to carry on its business.  However, those cases are distinguishable from the facts of this case and are not dispositive.  In In re Scottsdale Medical Pavilion, 159 B.R. 295, 302-303 (Bankr. 9th Cir. 1993) the 9th Circuit denied Debtors motion for sequestration of rents subject to assignment of

Page 4 – OPPOSITION TO MOTION FOR INTERIM USE OF CASH COLLATERAL

rents and denied use of cash collateral where no adequate protection was offered to secured creditor, aff'd, 52 F.3d 244 (9th Cir. 2005).  See also, In re Orchards Village Investments, LLC, 405 BR 341 (Dist. Or. 2009)(Where debtor failed to meet its burden to provide adequate protection of use of secured creditor's cash collateral, court prohibited debtors use of cash collateral even though it prevented the debtor from a readily available source of funds to pay administrative expenses in Chapter 11.)

Based upon the limited materials provided in Debtor's motion, it appears that only 25% of any of the rent proceeds would be left over for protection payments to secured creditors.  As such, Debtor should not be allowed to utilize the cash collateral payments in the form of rent.

In addition, Debtor has proposed that he be allowed to collect all rents for all the properties, even though Debtor only has partial interest in most of the properties. See, Debtors Motion for Use of Cash Collateral, ¶ 8.  Debtor's interest in the Eagle Point Mall property is only 24%; the Vacaville Mall Property, 50%;  the 151 Morning Dove, 0% (Spouse owns 100%); 33 Broken Stone Way, 25% (Debtor's Wife owns other 25%); and 50% of the Highway 62 property.  Premier questions whether Debtor is even entitled to collect rents at all when the properties are partially owned by other individuals.

B.  Assignment of Rents—11 USC 552(b).

Debtor's motion should also be denied because Premier has perfected its security in rents by duly recording its assignment of rents.  At the hearing on this matter, Premier must prove its entitlement on the "issue of validity, priority or extent

Page 5 – OPPOSITION TO MOTION FOR INTERIM USE OF CASH COLLATERAL

KELLINGTON, KRACK, RICHMOND, BLACKHURST & GLATTE, LLP
Attorneys at Law
23 NEWTOWN STREET, MEDFORD, OREGON, 97501
Telephone: (541) 779-5175 • Fax: (541) 779-5585

of such interest." 11 USC § 363(p)(2).  Debtor has the burden of proof on the issue
of adequate protection.  § 363(p)(1).  Premier's assignment of rents takes priority
over rent proceeds.

Pursuant to 11 USC § 552 (a), property acquired by the estate (rents) after
the commencement of the case is not subject to any lien that arose from a security
interest entered into prior to the commencement of the case.  However an exception
exists under § 552(b) which provides in relevant part:

> (b) (1) ... if the debtor and an entity entered into a security
> agreement before the commencement of the case and if the security
> interest created by such security agreement extends to property of the
> debtor acquired before the commencement of the case and to
> proceeds, products, offspring, or profits of such property, then such
> security interest extends to such proceeds, products, offspring, or
> profits acquired by the estate after the commencement of the case to
> the extent provided by such security agreement and by applicable
> nonbankruptcy law, except to any extent that the court, after notice and
> a hearing and based on the equities of the case, orders otherwise.

As such, pre-petition liens on rents can continue in bankruptcy if the security
interest has been perfected under "applicable non-bankruptcy law." In In re 1441
Veteran St. Co., 144 F.3d 1288, 1293 (9th Cir. 1998) the Ninth Circuit held that under
Section 552(b), "secured creditors shall enjoy the same rights to post-petition rents
and proceeds that they would have under state law."  So long as Premier
demonstrates a duly perfected security interest in the rents, Debtor is divested of the
rents in bankruptcy subject only to the "equities of the case."

In Butner v. United States, 440 U.S. 48, 54-55, 59 L. Ed. 2d 136 (1979) the
US Supreme Court held that  the law of the state where the property is located
governs a mortgagee's right to rents in a bankruptcy proceeding.  Premier filed an

KELLINGTON, KRACK, RICHMOND, BLACKHURST & GLATTE, LLP
Attorneys at Law
23 NEWTOWN STREET, MEDFORD, OREGON, 97501
Telephone: (541) 779-5175 • Fax: (541) 779-5585

Assignment of Rents on the Eagle Point Mall Property and another on the Vacaville

Mall Property in California.

1.  Oregon Properties.

Under Oregon law, a recorded assignment of rents is perfected upon

recording.  Oregon Revised Statutes 86.010 provides:

> A mortgage of real property is not a conveyance so as to enable the
> owner of the mortgage to recover possession of the property without a
> foreclosure and sale. This section is not intended as a limitation upon
> the right of the owner of real property to mortgage or pledge the rents
> and profits thereof, nor as prohibiting the mortgagee or pledgee of such
> rents and profits, or any trustee under a mortgage or trust deed from
> entering into possession of any real property, other than farmlands or
> the homestead of the mortgagor or successor in interest, for the
> purpose of operating the same and collecting the rents and profits
> thereof for application in accordance with the provisions of the
> mortgage or trust deed or other instrument creating the lien, nor as any
> limitation upon the power of a court of equity to appoint a receiver to
> take charge of the property and collect the rents and profits thereof.
> (emphasis added)

In this case, Debtor, Joan Bucklin and James Ollendick executed an Assigment of

Rents for rents related to the Eagle Point Mall Property.  The Assignment of Rents

was duly recorded on September 1, 2006, Lance Declaration, Exhibit 3. Under

Oregon law, ORS 93.643 provides that recording an interest in real property (rents),

is perfection of that security interest. See In re Nendels-Medford Joint Venture 127

BR 658, 666, (Bankr. OR 1991) (proof of security interest in assignment of rents must

be recorded in County where real estate is located).  Therefore, under Oregon law,

Premier's security interest in the rents of the Eagle Point Mall are still attached and

continue and entitles Premier to such rent proceeds ahead of the Debtor's interest.

KELLINGTON, KRACK, RICHMOND, BLACKHURST & GLATTE, LLP
Attorneys at Law
23 NEWTOWN STREET, MEDFORD, OREGON, 97501
Telephone:  (541) 779-5175 • Fax:  (541) 779-5585

1 Premier is also entitled to the rents for all other Oregon Properties for another

2 reason as well—the Oregon Court duly granted Premier's motion to appoint a

3 receiver to collect rents and manage the Oregon Property.  The Receivership was

4 ordered on June 23, 2010.  Pursuant to the Order Appointing the Receiver, the

5 Receiver is required to collect the rents on the Oregon properties and pay expenses

6 related to those properties.  Any payments after expenses made to Premier require

7

8 judicial consent.  Keeping a receiver in place during bankruptcy is not a new concept.

9 In re Orchards Village Investments, LLC, at 352-355, the Court kept a receiver in

10 place to collect rents and manage the property pending debtors Chapter 11

11 bankruptcy.

12 In Midlantic National Bank v. Sourlis, 141, BR 826 (Dist. NJ 1992), the court

13 went even further.  The bankruptcy court applied New Jersey law and held that a

14

15 secured creditor with an assignment of rents had a right to adequate protection from

16 the debtor's use of the rents in bankruptcy under § 363(c)(2) and (e).  Unlike the

17 situation in this case, the creditor in Midlantic had not previously had a receiver

18 appointed prior to the bankruptcy filing. See also In re Park at Dash Point L.P.,  121

19 B.R. 850; WD Wash, (1990) (Mortgagee's motion to sequester rent collected by

20 bankruptcy debtor was granted since the security interests were fully perfected by

21 record action.) Scottsdale Medical Pavilion v. Mutual Benefit Life Ins. Co. (In re

22

23 Scottsdale Medical Pavilion),  159 B.R. 295 (Bankr. 9th Cir, 1993) (Decision to

24 sequester use of funds held by debtor as rent payments affirmed since rent proceeds

25 were perfected by an assignment of rents  which granted creditor an immediate right

26 to remittance).

Page 8 – OPPOSITION TO MOTION FOR INTERIM USE OF CASH COLLATERAL

KELLINGTON, KRACK, RICHMOND, BLACKHURST & GLATTE, LLP
Attorneys at Law
23 NEWTOWN STREET, MEDFORD, OREGON, 97501
Telephone: (541) 779-5175 • Fax: (541) 779-5585

As such, under Oregon law, Premier has a perfected security interest in the rents and Premier is entitled to receive rental proceeds as payments towards the providing it adequate protection.

### 2. California Property.

Premier also has a duly perfected Assignment of Rents for the Vacaville Mall property. The Assignment was recorded on or about November 29, 2006. Lance Declaration, Exhibit 6. Under California Law, an assignment of rents is perfected upon filing. California Civil Code § 2938 states in relevant part as follows:

> (a) A written assignment of an interest in leases, rents, issues, or profits of real property made in connection with an obligation secured by real property, irrespective of whether the assignment is denoted as absolute, absolute conditioned upon default, additional security for an obligation, or otherwise, shall, upon execution and delivery by the assignor, be effective to create a present security interest in existing and future leases, rents, issues, or profits of that real property. As used in this section, "leases, rents, issues, and profits of real property" includes the cash proceeds thereof. "Cash proceeds" means cash, checks, deposit accounts, and the like.

> (b) An assignment of an interest in leases, rents, issues, or profits of real property may be recorded in the records of the county recorder in the county in which the underlying real property is located in the same manner as any other conveyance of an interest in real property, whether the assignment is in a separate document or part of a mortgage or deed of trust, and when so duly recorded in accordance with the methods, procedures, and requirements for recordation of conveyances of other interests in real property, (1) the assignment shall be deemed to give constructive notice of the content of the assignment with the same force and effect as any other duly recorded conveyance of an interest in real property and (2) the interest granted by the assignment shall be deemed fully perfected as of the time of recordation with the same force and effect as any other duly recorded conveyance of an interest in real property, notwithstanding a provision of the assignment or a provision of law that would otherwise preclude or defer enforcement of the rights granted the assignee under the assignment until the occurrence of a subsequent event, including, but not limited to, a subsequent default of the assignor, or the assignee's

Page 9 – OPPOSITION TO MOTION FOR INTERIM USE OF CASH COLLATERAL

KELLINGTON, KRACK, RICHMOND, BLACKHURST & GLATTE, LLP
Attorneys at Law
23 NEWTOWN STREET, MEDFORD, OREGON, 97501
Telephone: (541) 779-5175 • Fax: (541) 779-5585

1  obtaining possession of the real property or the appointment of a receiver. (emphasis added)

2  In In re Goco Realty Fund I, 151 B.R. 241 (N. Dist Cal. 1993), the court

3  interpreted § 2938 in context of a Chapter 11 bankrupcty. There, the court stated

4

5  that not only is perfection required, but the lender was required to take some

6  enforcement action to obtain the rents. Id. a 248. Here, Premier did just that.

7  Attached to the Lance Declaration as Exhibit 2 is a copy of the California Complaint

8  wherein the Bank made immediate demand for the appointment of a receiver to

9  collect rents and manage the Vacaville property.[2]

10  ### Conclusion

11  Debtor's motion must be denied for the reasons expressed above. Premier

12  has provided the Court with proof of its security in the ongoing rents for both the

13  Oregon and California properties. Debtor has not provided adequate protection for

14

15  Premier and Debtor is otherwise not entitled to the rents to pay its ongoing expenses.

16  Premier respectfully requests that the Court deny Debtor's Motion, order the

17  Debtor to sequester any cash for the benefit of the Premier, and grant such other

18  relief as is just and proper under the circumstances of this case.

19  DATED this 6th day of August, 2010.          KELLINGTON, KRACK, RICHMOND,
20                                                BLACKHURST & GLATTE, LLP

21

22                                  By: /s/ John Blackhurst
                                    Erik J. Glatte, OSB # 951720
23                                  John Blackhurst OSB# 79018
                                    Of Attorneys for Plaintiff
24

25  _____

26  [2] Premiers California Complaint joined Cascade Acceptance Corporation as a junior lender. Cascade filed for bankruptcy which required Premier to seek relief from the automatic stay. The relief from the automatic stay was only recently acquired on August 3, 2010.

Page 10 – OPPOSITION TO MOTION FOR INTERIM USE OF CASH COLLATERAL

## CERTIFICATE OF SERVICE

1

2    I hereby certify that on the 6th day of August, 2010, I caused to be served

3    the forgoing **PREMIERWEST BANK'S OPPOSTION TO DEBTOR'S MOTION FOR**

4    **INTERIM USE OF CASH COLLATERAL AND DEMAND FOR ADEQUATE**

5    **PROTECTION** on the following parties at the following addresses:

6
    Thomas W. Stilley
7    1000 SW Broadway #1400
    Portland, OR 97205
8    **Debtor's Attorney**

9    US Trustee, Eugene
    405 E 8th Ave #1100
10    Eugene, OR 97401-2706
11    **US Trustee**

12    by:

13
    ☒    U.S. Postal Service, First Class Mail
14    ☐    U.S. Postal Service, Certified Mail
    ☐    Facsimile
15

16                                          */s/ John Blackhurst*
                                          John Blackhurst, OSB# 79018
17

18

19

20

21

22

23

24

25

26

KELLINGTON, KRACK, RICHMOND, BLACKHURST & GLATTE, LLP
Attorneys at Law
23 NEWTOWN STREET, MEDFORD, OREGON, 97501
Telephone: (541) 779-5175 • Fax: (541) 779-5585